IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JAMES GRAVELING AND LORI GRAVELING,** | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: 2:13-cv-120-VEH ) |
| **SIROTE & PERMUTT, P.C., and GINNY RUTLEDGE,** | ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Following this court's Final Judgment Order on October 15, 2014, plaintiffs James Graveling and Lori Graveling ("the Gravelings") filed several documents on October 21, 2014. (Docs. 117-122). Collectively, these documents contain a motion to recuse, a motion to reconsider this court's August 27, 2013, "Order Granting In Part and Denying In Part Motions to Dismiss" (doc. 63), and a motion to reconsider this court's September 5, 2013, "Order Denying Motion for Entry of Default and Motion for Default Judgment, Denying Motion for Summary Judgment" (doc. 64).[1]

---

[1] The documents are voluminous and difficult to place within the context of the Rules of Civil Procedure. To the extent that the Gravelings asserted any requests for relief other than those identified in this Opinion, they are due to be denied as insufficiently pleaded. "While the Court reviews pro se pleadings with notable leniency, it cannot read minds." *Jerome v. Barcelo Crestline*, Inc., 2007 WL 4224782 (N.D. Ga. Nov. 27, 2007).

The Gravelings initiated this case on January 18, 2013, by filing a motion for preliminary injunction. (Doc. 1). After being ordered by the court to do so, they filed an amended complaint. (Doc. 6). They brought six claims: separate counts for fraud against Castle Mortgage Company ("Castle") and against Coastal, a count for wrongful foreclosure against BankUnited, N.A. ("BankUnited"), a count for illegal foreclosure sale auction against Andrew Benefield ("Mr. Benefield"), a count for refusal to cease debt collecting in violation of the Fair Debt Collection Practices Act ("FDCPA") against Coastal, and a count for refusal to cease debt collecting in violation of the FDCPA against Sirote, Rutledge, and Ryan Daugherty ("Mr. Daugherty"). On August 27, 2013, the court granted a motion to dismiss the Gravelings' claims as against Castle, BankUnited, Mr. Benefield, and Mr. Daugherty. (Doc. 63). On December 4, 2013, the court dismissed with prejudice their claims against Coastal for failure to prosecute. (Doc. 82). In the Final Judgment Order on October 15, 2014, the court dismissed the Gravelings' remaining claims against Sirote and Rutledge with prejudice.

For the following reasons, these motions, and all other relief sought in the Gravelings' documents, are **DENIED**.

## ANALYSIS

### A. The Motion to Recuse is Without Merit

The Gravelings request that this court recuse itself on the grounds of bias and partiality. (Doc. 122 at 2, 14-15). However, their request to recuse is based solely on previous rulings that this court has made in this case. (*See* Doc. 122). According to the Supreme Court, a bias challenge based only on the judge's decisions is supported only if <u>either</u> (1) the judge had formed an opinion of the case based on facts introduced or events occurring outside of the proceedings or of prior proceedings (an "extrajudicial source") <u>or</u> (2) the judge displayed "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The Gravelings have not alleged that the court relied on any extrajudicial source. Likewise, this court has not displayed any extreme attitude towards the parties so as to make fair judgment impossible. Therefore, the motion to recuse is without merit and due to be **DENIED**.

### B. The Motion to Reconsider the August 27, 2013 Order on Motions To Dismiss is Untimely and, Alternatively, Without Merit

The Gravelings also have made a motion for the court to reconsider its August 27, 2013, Order Granting In Part and Denying In Part Motions to Dismiss. (Doc. 121). There are several features of this motion that make it due to be denied. First, it is untimely under the court's February 5, 2013, Uniform Initial Order in this case, which

states that "motions for reconsideration must filed within ten days of the date of the court's ruling which the movant seeks to have reconsidered." (Doc. 4 at 26). The Gravelings waited over a year after the court's order to file the pending motion for reconsideration. It is also untimely under FED. R. CIV. PRO. 59(e), which governs motions to alter or amend a judgment. The party is required to file such a motion "no later than 28 days after the entry of the judgment."

Finally, the motion does not meet the standards of FED. R. CIV. PRO. 60(b), which allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" under any of several grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. PRO. 60(b). The only colorable argument that the Gravelings could make is under 60(b)(2) for newly discovered evidence, in the form of the "Full Transcription of Recording of Brian Dodson on 027072013." (Doc. 119). However, this transcription is not newly <u>discovered</u> evidence; rather, it is a document that the Gravelings have newly <u>created</u> to memorialize a conversation they had on February

4

7, 2013, with Brian Dodson. (Doc. 119 at 2-3). As the Gravelings already had knowledge of this conversation and had even made this court aware of it (see doc. 119 at 3, stating "three sworn affidavits by eyewitnesses to the recording . . . [were] earlier entered on count records'), this document does not introduce <u>new evidence</u>. None of the other specific subsections are conceivably applicable to the Gravelings' case, and the court sees no "other reason that justifies relief" under 60(b)(6). Therefore, this motion to reconsider is due to be **DENIED**.

    **C.**    **Motion to Reconsider Denial of Motions for Entry of Default and Default Judgment and for Summary Judgment is Untimely and Without Merit**

Finally, the Gravelings make a motion for reconsideration of the September 5, 2013, "Order Denying Motion for Entry of Default and Motion for Default Judgment, Denying Motion for Summary Judgment." (See Doc. 120). As is the case with the motion discussed in the previous section (*supra*), this motion is untimely under the court's Uniform Initial Order and FED. R. CIV. PRO. 59(e), which governs motions to alter or amend a judgment. Furthermore, the motion to reconsider would be without merit under the standard of R. 59(e). It also fails to qualify under any of the categories (listed *supra*) justifying relief from an order according to FED. R. CIV. PRO. 60(b). Therefore, this motion to reconsider is also due to be **DENIED**

## **CONCLUSION**

Based upon the court's review of the filings, the plaintiffs' motions are due to be **DENIED.** A separate order will be entered.

**DONE** and **ORDERED** this the 24th day of October, 2014.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge